UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAPA JOHN'S INTERNATIONAL, INC.                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:08CV-662-S

ENTERTAINMENT PUBLICATIONS, LLC, et al.                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the following motions:

1.  Motion of the plaintiff, Papa John's International, Inc., to supplement the record and for reconsideration (DN 17).

2.  Motion of the plaintiff, Papa John's International, Inc., for *pendente lite* relief (DN 22).

3.  Motion of the defendant, Entertainment Publications, LLC, to strike portions of the plaintiff's reply on the plaintiff's motion for *pendente lite* relief and exhibits thereto (DN 27).

On February 5, 2009, the court heard oral argument on the motion of the plaintiff, Papa John's International, Inc. ("Papa John's"), for a preliminary injunction.  The court issued findings of fact and conclusions of law on the record and denied the motion.  Papa John's now seeks reconsideration of the ruling and has moved for leave to supplement the record on certain points.

The court has reviewed the motion for leave to supplement the record.  While Papa John's cites Fed.R.Civ.P. 59(e)[1] as the basis for the motion, it has not even attempted to identify newly discovered evidence, an intervening change in controlling law, or manifest injustice.  *See, GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Rather Papa John's

---

[1]It also cites Rule 10(e)(2) of the Fed.R.App.P. apparently suggesting that something has been "omitted from or misstated in the record by error or accident."  This rule is wholly inapplicable here.

appears to be urging that the court's application of the legal standard for actual confusion under the Lanham Act resulted in a clear error of law.

First, the supplemental facts sought to be added to the record have no bearing on the application of the legal standard for actual confusion.  Papa John's has not provided any justification for this proposed expansion of the record.  The material was clearly available to Papa John's prior to the hearing.

Second, we conclude that, even considering the matters Papa John's seeks to develop through additional evidence and argument, the court's disposition of the motion for injunctive relief would remain unchanged.   The court concluded that there was nothing deceptive, confusing or unauthorized in the use of the Papa John's mark.  15 U.S.C. § 1114(1).  Nothing presented by Papa John's calls this conclusion into question.

The court noted that the coupons state on their face "See reverse side for locations," "See reverse for Offer Details," and "Present coupon before ordering."  These specific limitations on the use of the coupons precluded, in this court's view, a successful argument by Papa John's that its customers were misled by the designation of "Orlando Area" on the cover of the book.  Further, the court concluded that nothing in the argument of Papa John's suggested a Lanham Act claim, as the issue was over the use of the "Orlando Area" designation which apparently led some purchasers to believe that the coupons were valid at Orlando franchises.  Again, the coupons themselves refute this very argument, the business decision to accept them at Orlando locations notwithstanding.  Papa John's additional evidence concerning the on-line ordering system does not impact the conclusion that the clear language of the coupons limit the locations where the coupons may be used and the method by which they may be redeemed.  The fact that these coupons cannot be entered in the on-line system and thus cannot be "presented" before placing an on-line order is of no consequence. Again, the decision to accept the coupons for on-line orders in Orlando locations is contrary to the coupon language and is therefore nothing but a business decision.

- 2 -

The court further found that there was no unauthorized use of the Papa John's mark by the Jordan Nicholas Elliott ("JNE") franchises, and the specific locations making authorized use of the mark are listed on the coupon.  The court concluded that "[t]he fact that Papa John's Orlando company-owned stores are faced with the choice of either accepting the coupon or rejecting it is not due to any unauthorized use of the Papa John's mark because the coupons do refer to the locations at which it is good, and it is in fact the customer who is taking it to a location not specified on the coupon itself to see or perhaps in the expectation that it might be accepted."  Tr. p. 67.

In essence, Papa John's established unauthorized uses of the coupons by customers, not unauthorized use of the mark by EP or any franchisee.  Papa John's has offered controverting evidence

Papa John's has filed a motion for *pendente lite* relief which is wholly unsupported by citation to any applicable authority in support of the use of such mechanism in this case.  Papa John's suggests that the court can and should order the defendant, Entertainment Publications, LLC ("EP"), to continue to do business with Papa John's franchisees on Papa John's terms.  This is merely a backdoor approach to obtain the injunctive relief that has already been denied.

Papa John's portrays the March 6, 2009 letter from EP to Papa John's franchise owners as threatening, and as a coercive means to obtain dismissal of the action.  This letter, however, appears to be informational, alerting franchisees with whom it has had contracts, of the existence of this lawsuit and of the fact that EP may cease doing business with Papa John's franchisees in the coming year.  Rather than threatening the franchisees, who have no involvement in the suit and therefore no ability to settle it, the letter simply recites the apparent cost of aggressive litigation by Papa John's.

The court previously determined that the plaintiff failed to show a likelihood of success on the merits in this action.  Papa John's made overtures to settle the suit, but EP has chosen not to accept Papa John's terms.  In its motion, Papa John's concludes that '[[t]his Court is urged to enter an Order *pendente lite* that discourages defendant Entertainment from taking actions that may impair

the orderly processes available in this forum.  If nothing else, the Court should schedule a settlement conference, and hold the defendant's threatened termination in abeyance until the options presented there are fully concluded." Motion for *Pendente Lite* Relief, p. 9.

Papa John's was afforded an immediate hearing on its request for injunctive relief. Unsatisfied with the court's decision and unmoved by the court's determination that it had not shown a likelihood of success on the merits, Papa John's sought the agreement of EP to its terms for future inclusion of coupons in EP's books for Papa John's franchisees.  Rather than accede to Papa John's demands, EP indicated that it likely will terminate its relationship with all Papa John's operations.  This court cannot require EP to continue to do business with the plaintiff's franchisees in future years.  The court has been shown no legal basis for it to do so.

In one form or another, EP has indicated in its agreements that it "shall have no liability for failure to include the Offer(s) in any Entertainment Program(s) in any give year."[2]  The letter provided Papa John's franchisees notice of EP's probable exercise of that right for the coming year.

In sum, we conclude that

1.  Papa John's has not shown a basis under Fed.R.Civ.P. 59(e) for leave to supplement the record or for reconsideration.  However, in the court's discretion and in the interest of affording a fulsome evaluation of the arguments of Papa John's, the court will permit the tardy additions to the record.  The motion of the plaintiff, Papa John's International, Inc. to supplement the record (DN 17) is **GRANTED.**

2.  Upon motion of the plaintiff, Papa John's International, Inc., for reconsideration of the matter (DN 17), including the additional materials submitted by Papa John's, the court finds no error in its earlier ruling and **AFFIRMS** the February 5, 2009 denial of Papa John's motion for injunctive relief.

3.  The court further finds that the motion of Papa John's for *pendente lite* relief (DN 22)is without merit and is therefore **DENIED.**

4.  The motion of the defendant, Entertainment Publications, LLC, to strike portions of the plaintiff's reply on the plaintiff's motion for *pendente lite* relief and exhibits thereto (DN 27) is **GRANTED** and the exhibits to the motion for *pendente lite* relief

---

[2]While Papa John's takes issue with the form in which the refusal right appears in the various agreements, Papa John's has not denied that EP has sought to reserve the right in its agreements.

and pages 7 and 8 of Papa John's Reply on Motion of Plaintiff for *Pendente Lite* Relief (DN 25) are **STRICKEN FROM THE RECORD.**

**IT IS SO ORDERED.**