UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAPA JOHN'S INTERNATIONAL, INC.                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:08CV-662-S

ENTERTAINMENT PUBLICATIONS, LLC, et al.                          DEFENDANTS

**MEMORANDUM OPINION**

      This matter is before the court on motion of the defendants, Entertainment Publications, Inc. and Entertainment Publications, LLC (collectively "EP"), for summary judgment (DN 31), and motions of the plaintiff, Papa John's International, Inc. ("Papa John's"), to defer ruling (DN 33), to strike declarations and documents (DN 34), and for discovery (DN 41). For the reasons set forth below, Papa John's motion to strike will be granted in part and denied in part, EP's motion for summary judgment will be granted, and the remaining motions will be denied.

I. Background

      Papa John's filed a complaint against EP, the publisher of the ENTERTAINMENT® Coupon Book, alleging trademark infringement, false designation of origin, and dilution of its mark after EP published coupons in its "Orlando Area" book by agreement with one of Papa John's Florida franchisees. The dispute arose after a number of customers buying pizzas at Orlando Papa John's stores presented discount coupons specifically good for purchases only at certain Papa John's franchise stores in Mt. Dora, Winterhaven, and Lakeland, Florida. The Orlando locations chose to honor the coupons rather than turn the customers away. Claiming unauthorized use of the Papa John's marks, Papa John's sought injunctive relief.

      On February 5, 2009, the court heard oral argument on the motion of Papa John's for a preliminary injunction. The court issued findings of fact and conclusions of law on the record and

denied the motion. On June 1, 2009, the court permitted Papa John's to supplement the record, and then in a written opinion affirmed the denial of injunctive relief (DN 30). The court stated that Papa John's had established unauthorized uses of coupons by customers, not unauthorized use of Papa John's marks by EP or any Papa John's franchisee. The court stated, in summary, that it was properly found at the injunction stage that

> [T]he coupons state on their face "See reverse side for locations," "See reverse for Offer Details," and "Present coupon before ordering." These specific limitations on the use of the coupons precluded, in this court's view, a successful argument by Papa John's that its customers were misled by the designation of "Orlando Area" on the cover of the book. Further, the court concluded that nothing in the argument of Papa John's suggested a Lanham Act claim, as the issue was over the use of the "Orlando Area" designation which apparently led some purchasers to believe that the coupons were valid at Orlando franchises. Again, the coupons themselves refute this very argument, the business decision to accept them at Orlando locations notwithstanding.

June 2, 2009 Memorandum Opinion and Order (DN 30), p. 2. EP now seeks summary dismissal of Papa John's claims on the merits.

## II. Motion to Strike

Papa John's has moved to strike certain declarations and documents filed by EP. Papa John's motion has been partially conceded by EP, for purposes of this summary judgment disposition. The declaration of Steve Stainer, Vice President of Strategic Sales for EP, appears to be superfluous to the summary judgment ruling. However, we will strike by agreement those portions of the affidavit containing Stainer's beliefs and non-expert opinions.

The parties dispute whether Stainer may offer evidence concerning EP's sales and marketing practices. While the court finds no basis to strike this information, the court's ruling does not rely upon it in any event.

Papa John's also seeks to strike the declaration of attorney Jason Abel. The declaration was submitted along with copies of various documents. Abel's declaration identifies where the various items were found (on the internet; in the business files of EP; in the court record) and verifies that

he personally viewed and printed these items. He makes no statement about their content, he offers no opinion about their value, and he does not discuss the purpose for which the documents are offered. Papa John's has shown no basis for striking Abel's declaration concerning the source of the documents.

Papa John's would also have the court strike the copies of screenshots printed from the internet, urging that they constitute inadmissible hearsay evidence. EP contends that the screenshots merely illustrate that the term "Orlando Area" on some business and news websites includes the cities of Lakeland, Winter Haven and Mount Dora. EP asserts that it is not attempting to prove what the phrase "Orlando Area" means, but rather that it may mean various things in various contexts, sometimes including cities some distance from the city of Orlando. Papa John's objects, but has also provided information from its own internet research. The court's consideration of such material in a non-hearsay context is not unprecedented (*See, RDK Corp. v. Larsen Bakery, Inc.*, 2006 WL 2168797, *11, n. 10 (July 31, 2006). The motion to strike Abel's declaration and the screenshot documents will be denied.

### III.  Cross-Motion to Defer Ruling

EP has moved for summary judgment in light of certain undisputed facts which were fleshed out during the preliminary injunction proceedings. Papa John's has filed a response to the motion, accompanied by affidavits and documentary exhibits. At the same time, it seeks to forestall the court's consideration of summary judgment. It has simultaneously filed a cross-motion to defer ruling, urging that summary judgment is premature. It contends that the court should follow the Rule 26 planning procedure and order Rule 16 discovery prior to addressing summary judgment. In the ordinary case, this litigation "route" would be followed. However, in this matter, certain critical facts came to light early on through the process of evaluating the request for injunctive relief. Rule 56(c) permits the filing of a summary judgment motion at any time. When it becomes evident that no

genuine issue of material fact exists and a party is entitled to judgment as a matter of law, the summary judgment mechanism is properly invoked. We do not find any reason to defer the summary judgment process.

### IV.  Motion for discovery

Papa John's also filed a motion for discovery purportedly grounded in the provisions of Fed.R.Civ.P. 56(f). Rule 56(f) states:

> If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> ...(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken...

The rule requires that the party opposing summary judgment establish by affidavit that it cannot present essential facts to justify its opposition. Papa John's has not filed such an affidavit. Rather, it has responded to the motion for summary judgment with a fulsome, responsive brief accompanied by affidavits and documents. It has filed an affidavit in support of its motion to defer and for Rule 26 discovery which states that Rule 26 discovery has not been permitted and that the discovery requested would permit the development of various issues of fact. There is no mention, in Papa John's response to the summary judgment motion of an inability to meet with essential facts the proof offered by EP. While Papa John's makes many contentions in its opposition, a sole reference to future discovery is found at footnotes 7 and 8. These merely suggest that discovery obtained from EP would bolster its arguments. Taking the facts related in Papa John's response brief in the light most favorable to Papa John's as required by Rule 56, we find that the matters sought to be developed through Papa John's proposed discovery would not yield additional essential facts to controvert EP's grounds for summary judgment. Papa John's motion for discovery is deficient because it does not show by affidavit facts which would justify its opposition to summary judgment.

The motion for discovery seeks to pursue a vast array of matters. *See*, Thomason Aff. Papa John's has not shown that discovery on any of these matters could yield evidence to alter the factual findings and conclusions rendered by the court in the injunctive relief phase of the case. While factual findings made in evaluating the likelihood of the plaintiff's success on the merits may be rendered infirm by later discovery and development of the issues in a given case, such is not the case here.

Papa John's counsel's 12-page affidavit lists various avenues of proposed discovery which would not prove helpful in defending against summary judgment. Papa John's seeks discovery on such topics as the intent of the parties to the EP Participation Agreement, the internal coding procedures utilized by EP, and the training of sales and account representatives for EP. This court has found that

> ...[t]he coupons state on their face "see reverse side for locations,""See reverse for Offer Details," and "Present coupon before ordering." These specific limitations on the use of the coupons precluded, in this court's view, a successful argument by Papa John's that its customers were misled by the designation of "Orlando Area" on the cover of the book. Further, the court concluded that nothing in the argument of Papa John's suggested a Lanham Act claim, as the issue was over the use of the "Orlando Area" designation which apparently led some purchasers to believe that the coupons were valid at Orlando franchises. Again, the coupons themselves refute this very argument, the business decision to accept them at Orlando locations notwithstanding...The court concluded that "[t]he fact that Papa John's Orlando company-owned stores are faced with the choice of either accepting the coupon or rejecting it is not due to any unauthorized use of the Papa John's mark because the coupons do refer to the locations at which it is good, and it is in fact the customer who is taking it to a location not specified on the coupon itself to see or perhaps in the expectation that it might be accepted." Tr. p. 67. In essence, Papa John's established unauthorized uses of the coupons by customers, not unauthorized use of the mark by EP or any franchisee.

DN 30, pp. 2-3. The tangents sought to be pursued through the requested discovery would not yield evidence countering these essential facts already found by the court. Evidence concerning the intent and understanding of the parties to the Participation Agreement concerning geographical limitations, the understanding of the parties concerning the term "placement," or anecdotal evidence concerning the consumer's ordering experience, for example, simply do not call into question any of the findings

of fact in the record and recited by EP in seeking summary judgment. The motion for discovery will therefore be denied.

## V. Summary Judgment

In ruling on the motion for injunctive relief, the court's findings were based upon certain critical documents which yield the same conclusions at the summary judgment phase, regardless of the outcome of discovery sought by Papa John's. Summary judgment is appropriate where discovery would not advance the litigation. *See, Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996); *Centra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)("Thus, it is generally an abuse of discretion to deny a Rule 56(f) motion in the absence of *any* opportunity for discovery, but we have noted some limited exceptions to that rule."). In this instance, there was development of the underlying facts through documents presented during the injunction hearing. Thus, even though no formal discovery period was established, summary judgment is not being pursued in the absence of *all* discovery. Operative facts were offered both in support of and against the request for injunctive relief. Those same facts are dispositive of the case on the merits.

At the conclusion of the preliminary injunction hearing, the court found the following:

> So the question here is what was permitted by the franchisee of Papa John's, that is the JNE group from Florida.
>
> JNE, under its franchise, clearly had the authorization and permission to use the Papa John's marks, logo, et cetera in order to facilitate its business and publicize its locations in connection with acquisition of business at those locations...
>
> JNE had the ability to utilize Papa John's marks, and I believe that is encompassed within its agreement with Entertainment in connection with the coupon contract...
>
> [T]hese coupons are clear that they say "see reverse side for offer details" and they say also "see reverse side for locations." And on the reverse side, there are locations and they are JNE's locations...
>
> Now, none of JNE's locations are in the city of Orlando, but there are locations in the vicinity of Orlando in Mt. Dora, Winter Haven and Lakeland, as well as in other

> locations in what might be termed the middle part of Florida.  And the book itself is offered to consumers as encompassing the Orlando area...
>
> The coupon also says "call a location near you," which would certainly give the company locations the opportunity to reject coverage of the coupon for a telephone order.  Customers apparently also mention– do not mention the coupon but present it as part payment when picking up a pizza.  That clearly is conduct that is contrary to the requirements of the coupon, which requires customers to present the coupon before ordering.  But again, Papa John's elects to waive that requirement and accept the coupon as a matter of keeping the customer satisfied, even if the coupon is not agreed to by the company locations.
>
> It is clear here that there is nothing deceptive or confusing or unauthorized in the use of the Papa John's mark...
>
> What Papa John's objects to is the customer making an unauthorized use of the coupon at an Orlando company-owned store.  Papa John's, as I said, has made a business choice to accept that coupon and permit the unauthorized use at the location that is not specified on the coupon itself and to permit its use even if the coupon is not presented before ordering....The fact that Papa John's Orlando company-owned stores are faced with the choice of either accepting the coupon or rejecting it is not due to any unauthorized use of the Papa John's mark because the coupons do refer to the locations at which it is good, and it is in fact the customer who is taking it to a location not specified on the coupon itself to see or perhaps in the expectation that it might be accepted...
>
> The fact that these are contained in a book which is for the Orlando area does not appear to be deceptive because it doesn't promise that the locations are in the city of Orlando, only that it encompasses many coupons and businesses in the vicinity of Orlando...
>
> ...[B]ut the fact that the coupon itself says "see reverse side for locations," I think, is the kind of language that I think the customer and this court believes set aside these coupons for the locations specified...

2/4/09 Hrg. Tr., pp. 65-68.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976).  Not every factual dispute between the parties will prevent summary judgment.  The disputed facts must be material.  They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit.  *Anderson v. Liberty*

- 7 -

*Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Nothing offered by Papa John's (nor sought to be developed though discovery) disputes the essential findings that (1) JNE was authorized to use the Papa John's marks, (2) JNE agreed to the publication of coupons redeemable at its stores located in the vicinity of Orlando in Mt. Dora, Winter Haven, and Lakeland, Florida, (3) the coupons were published in the "Orlando Area" Entertainment Book which does not promise that the locations are in the city of Orlando, and (4) Papa John's Orlando company stores made the business decision to honor coupons for the Mt. Dora, Winterhaven, and Lakeland stores which were presented to it, despite the fact that the coupons were offered in contravention of the clearly stated coupon terms. Rather than calling into question any of these preliminary findings, the matters raised by Papa John's are, at best, tangential matters which do not establish a genuine issue of material fact in this case. The court concluded at the preliminary injunction phase that, based on the foregoing findings, that there was "nothing deceptive or confusing or unauthorized in the use of the Papa John's mark..." *Id.* at 66-67. The court adheres to this finding and concludes that EP is entitled to summary judgment as a matter of law. Therefore, summary judgment will be granted in favor of EP by separate order.

**IT IS SO ORDERED.**

January 19, 2010

Charles R. Simpson III, Judge
United States District Court